Okay, let's start with A.B. v. Barrow. Mr. Reeves. Good morning. May it please the court. I'm Greg Reeves on behalf of an appellate, A.B. v. Barrow. This case is decided by American Liberty v. Soles. In that case, the Alabama Supreme Court said that the time to give notice or claim it is upon discovery of the policy and obtaining a copy of it. Here we have a minor child, and yet the trial court, the from the date of the discovery of the policy. Before you get into the notice issue, can I just ask you a question about Alabama law? Isn't the general rule in Alabama that an insurer must indemnify the insured if it undertakes a defense without reserving the right to deny coverage? I'm not for sure, Judge. The point that I'm making, I didn't see anywhere in the briefing or summary judgment briefing where it appears that Nationwide gave notice that its defense was not a waiver of its right to deny coverage. Are you aware of anything like that? I think they did issue a reservation of rights letter to David Barrow, if that's what you're All right. And is that in the record? I don't think it's in the record. Okay. But you also don't think there's any dispute about it, is what you're saying? I think that's fair. Okay. You know, to get down to it, the trial court found that AB gave notice 58 months late. Sol says the clock starts ticking upon discovery and obtaining a copy of the policy. She was a minor. When we obtained a copy of the policy, in fact, Nationwide's own representative said that they received constructive notice through the subpoena in November of 2018. They supplied the copy of the policy 72 days later. We supplied a copy of the complaint 72 days later. And one thing that the trial court's memorandum of opinion does, it correctly sets out that a condition of coverage is 4A. It says you or someone on your behalf will give notice of occurrence. And 4B is you'll give notice if you've received lawsuit papers. The problem, when you look on page 7 of the trial court's opinion, the trial court lumped those together. The trial court added an and. There is no and in that policy. If you look at A, occurrence. Can I ask you a question about the Alabama case called Nationwide v. Estate of Fields? I guess one of my my issues or my concerns is that the Supreme Court of Alabama has said that four to eight months could be unreasonable absent a justification so that the insured has to offer some kind of evidence of a reasonable excuse for the delay. And I didn't really see that anywhere in the record that there was a reason given for the delay by Mr. Barrow. I mean, I could surmise why he would not give notice to the insurance company, but there's nothing in the record that tells me the reason for the delay. You're correct. So Fowles and Miller, the two cases that the trial court hung its proverbial hat on, both looked to what excuse the insured gave. But those policies, and if you read those cases, they restrict notice to the insured only. This is an umbrella policy. It says to the insured, you are someone on your behalf must give notice. It's it's a broader it's it'll it specifically allows for third party. He could have provided notice. He could have. But judge, it said I don't know how you can say then that the policy allows the notice to be either by him or by or a third person. Well, it says you are someone on your behalf on someone. That's that's someone being a third person to be in a third party. And we fulfilled that. I don't know how that can be right. But the issue is, is that it's and I agree with you that the two cases that the insurance company relies on don't have the language of someone on your behalf. But the language, the rest of the language is very similar, which is as soon as reasonably possible, you have to give written notice of an occurrence. So it's really the occurrence. Everyone agrees happened in 2013. Right. I mean, there's no dispute about that. So the issue becomes could is as soon as reasonable. Can you still do the 58 months when you have notice or you have constructive notice of when what the policy is? And I just don't I just don't see how the Supreme Court of Alabama cases support your position. Well, so also basically it not basically it says that until a claimant and it quotes couch. It's not talking about an insured. It's not going to claim it until they discover and have a copy of the policy. The clock does not start ticking. And these are this umbrella policy. It's it's personal injury towards. And so you so the nationwide wrote the policy and they said either they said insured. You can use door one. You give notice of an occurrence or you can use door to someone on your behalf. But Alabama case law. Let me ask you this way. Let's say Barrow provided the notice in November 2018. OK. OK. Do you agree that would be untimely? No. No, I don't. Because, well, judge, there's four years after the fact. Well, if you if you love if you do like the trial court and you love the conditions for a and for B together, then what he did on page seven of the order. In other words, A is give us notice of an occurrence for B says notice of a lawsuit. There's no and the trial court added an and the trial court said required that the umbrella policy required Barrow to both notify nationwide about an occurrence and probably provide suit papers. Well, if you look at the text, the policy, if it says here specifically, it says you or someone on your behalf must colon. And then it has a and B. I mean, you're also wanting us to read or, you know, and there is no war there. There's no way to comply with both A and B, because if there is no legal paper, then you don't have to. You don't have that requirement. But if you have to do a and then you also have to do B. So once the occurrence happens, you have to give the insurance company notice. And then if you also get paper served on you, you also have to give the insurance company that information. Two things to that first soul says for a claimant, they can't give notice of a policy they didn't know exist. And second of all, if you can show me where and is in for a and for B, I'll agree with you. But it's not there. Can you show me where there's a war? Well, they wrote the policy. It's to be construed against them. And there are places in the policy judge, such as paragraph 10, where they use the word and you're adding a word that's not the policy. It's not in the policy. Add the word and Nationwide wins. The word must is. Sir. The word must is in the policy and it precedes both of them. But it says you the insured or someone on behalf. And what I was saying was Barrow's door one. He gives there is an order there, but door to allow someone on behalf. We were the someone in. If you completely ignore that someone on your behalf, then files and Miller applies. But if you give some meaning to someone on your behalf, we were the someone. We gave notice as soon as we found the clock starts ticking. When we discovered the policy, we gave notice within 72 days. There is no end connecting A and B. The trial court read it in there, but it doesn't exist. There is a purpose for notice. And the purpose is that they can defend. Here they defended for three years. The policies and files of Miller were completely different. They were restricted to the insured only. Here we gave notice in the trial court, never mentioned in a summary judgment motion. One fact that our client was my client was 10 years old, that she didn't under insurance, that we discovered the policy as soon as litigation commenced. We fulfilled the conditions president judge. OK, you've saved some time for rebuttal. Mr Reeves, let's hear from Mr. My name is James Beck. I represent Nationwide Mutual Insurance Company. What appellants counsel has left out in his entire analysis of these issues is what does on behalf mean? We've heard a lot about the policy, but he's never once explained to this court. What is your category of the persons that could ever satisfy that meaning of persons who could satisfy someone on your behalf? Yes, it would have to be according to the plain definition of on behalf. You would have to be an agent or a representative of Mr. Barrow, the insured party to establish agency under Alabama law. You would have to show real or apparent authority that has been conferred on this representative. There's clearly the no agency that's been established. There's been no representative capacity that's been established. In fact, the facts show affirmatively a lack of any representative. You could certainly read that, though, as being for the benefit of the insured. Well, Your Honor. In the sense that if the coverage is there, it's going to reduce the insured's exposure, right? Respectfully, Your Honor, no, because the plain definition of on behalf says specifically an agent or representative. Now, the phrase in behalf, if it said in behalf, it could possibly be read for the benefit. I mean, on behalf could mean for your benefit or interest. Respectfully, Your Honor, the definition, the plain definition, as cited in the brief, makes clear that it is an agent or representative. Well, Black's Law Dictionary includes in the interest of or for the benefit of. Your Honor, that is for the phrase in behalf, and it makes a distinction between on behalf and in behalf. And in the policy, the policy says on behalf. I don't think that's right. I think, well, at least. My notes reflect that on behalf in the latest edition of Black's includes in the interest of or for the benefit of. Your Honor, if there's something, you know, and of course, if there's some ambiguity there, that's going to be construed in favor of the insured. Well, Your Honor, I would encourage the court to please go back and take a second look at that definition. You could still win, though, could you not? Even if you lose on that argument. Well, yes, Your Honor. I mean, even, let's assume that Mr. Reeves is, which I have made clear is not the case, but let's just assume that Mr. Reeves is correct, which he is not. And let's say that Mr. Reeves acted on behalf of David Barrow to provide notice to Nationwide. You still have the issue of a delay of 58 months. The policy is explicitly clear that notice has to be provided as soon as as soon as reasonably possible. What's your best case holding that a third party claimant must justify the insured's failure rather than their own? I'm sorry, the third party? That must justify their failure to give notice. Both the case Nationwide versus Files and also the case Travelers versus Miller. Both of those cases make crystal clear that the reasons for an injured party's delay in providing notice cannot satisfy the duty that the insured party has to explain those. The fact that the insurance company had constructive knowledge and was defending Mr. Barrow, is there sort of a waiver of the notice defect? No, Your Honor. There's no waiver because Alabama case law makes clear that prejudice, whether the insurance company is prejudiced or not, whether it has a chance to involve itself in these matters or not, is not a factor. Alabama law in the case of Miller makes crystal clear that there are only two factors that courts look at to determine whether notice was timely or not. Those two factors are the length of the delay and the reason for the delay. And in this case, there has been no reason that has ever been provided by anyone, by Mr. Barrow or by the appellants, that explain or justify Mr. Barrow's complete failure to provide notice to Nationwide that resulted in this 58-month delay. I know this is a hypothetical, but in a situation where the insured is incapacitated or in a coma and the person who is injured by the insured isn't capable or isn't, they're not able to ascertain what the policy is or who is holding the policy and there's a delay as a result of that. What would be your position on that? In those types of circumstances, the delay could easily be explained because the insured party is incapacitated. And they had every opportunity to take Mr. Barrow's deposition and find out what the reasons for this delay was, but they did not. As I stand here today, no one, no one has ever even attempted to explain Mr. Barrow's complete failure to provide notice that has resulted in this 58-month delay. The case that... Was the wife's deposition ever taken? The wife's deposition? Not to my knowledge, Your Honor. Mr. Barrow does cite this case Soles in an attempt to say that the clock starts running at the time that the injured party learns of the case, but if you read Soles, Soles is discussing an additional insured under the policy. The claimant, A.B. in this case, is not an additional insured. She's an injured party and all of the rights are tied to the insured. The policy is with the insured and the insurance company. All responsibilities, all duties, all rights are tied to the insured, which is the reason why the district court correctly ruled that summary judgment in this case should be entered against the insured because he failed to comply with the contractual notice provisions of the insurance policy. And we request that this court affirm that summary judgment. Thank you, Mr. Beck. I think we understand your case. Thank you, Judge. Mr. Reeves, you've saved five minutes. Thank you, Your Honor. Alabama cases, Alpha v. Simpleton, Safeway v. Thompson, clearly show that a claimant can give notice. Let's think about it. An additional insured, of all people, they would be more likely to know that there's a policy and that they're covered. If this court was ever going to give grace, it would be to a claimant, someone who's not an additional insured. So the cases that say even if you're an additional insured, if you don't know you're covered or you don't know there's a policy, we're going to give you a pass. This is a 10-year-old. So here's the other thing about the Alabama cases that discuss notice, always do in terms of purpose. See, Files and Miller cases where default judgments were obtained against the defendant and then the insurer was blindsided with, here, pay this judgment. But the Alabama case law says the purpose is to allow a party, the insurance company, to investigate, to control the litigation. Those were fulfilled here. Now, if you start saying, well, prejudice doesn't matter, prejudice doesn't matter, this is what happens. If a person gets a judgment against a defendant and presents it to the insurance, which it happened in Files and Miller under different policy language, they cry foul. And I agree with them. That is foul. There's no way an insurer should be able to have to pay a judgment that it didn't get to participate in. Here, they participated for three years. We gave notice 72 days after receiving the policy. They defended through the trial court. We've been in federal court three times before this court twice, and they're still crying foul. We got a judgment for invasion of prophecy in a state court. They defended for three years. The insurer barreled for three years. The way Nationwide wins this case is if you do what the trial court did. Door one is if Barrow gives notice. Door two is if someone on his behalf gives notice. They're saying we're not authorized to do that. It doesn't say you or your lawyer gives notice. You or your authorized representative. But I guess my concern is even if I agree with you that you had the right to give notice, you still had to give notice within a reasonable time after the occurrence. Well, that's only if you read 4A with an and between it and 4B and you link them together. You effectively want us to ignore A and focus only on B. And read an or and then basically rewrite the language of the policy to exclude A. You want A to disappear. That's not true. Judge, if you apply Soles, Alabama Supreme Court case law, it says a claimant can't give notice of a policy they don't know exists. It's Barrow or. It wasn't Barrow and. It's Barrow or someone. The problem is that the notice obligation is the insurance obligation. The who? The insurance obligation. It is under files of Miller. But here it's. Under the terms of the policy. Not in this umbrella policy. It's you or someone on your behalf. Even under your interpretation, which, look, I'm inclined to read on behalf of the same way that you do. Okay. I think the ordinary meaning, the updated version of Black's Law Dictionary, not the 1987 version. I think. You can provide that notice, but you're doing it on the insurance behalf. And that's okay, because Nationwide argued before the district court that our interests are aligned. And the court said, yeah, realign the parties. We're not going to remand it. And it's a ministerial act. The problem is it's not just a claimant's benefit provision. It is the insured's benefit provision. And it also benefits Nationwide. I mean, either way you cut it, when you look at it from that perspective, it's not reasonably prompt notice. Well, the question is, how can a 10-year-old know to give notice of a policy? It's not for the benefit of the 10-year-old. See, you can't have it both ways. It's for the benefit of the insured. It's better if it's the insured. That's the problem. Judge, respectfully, Fousa-Miller contained policies that said the insured only. Yeah. This was more expansive. It is more expansive, I agree with you, but it's more expansive on behalf of the insured. And is it your position that there is no Alabama case that is on point? No. American v. Solis is on point. It's when the clock starts ticking. That's your best guess. That's your best guess. Oh, yeah. And then Templeton and then Alpha v. Templeton and Safeway v. Thompson clearly say claimants can give notice. Mr. Reeves, you've gone over. You've had the full benefit of your time. I think we understand your case and we appreciate your argument this morning. All right. Thank you, Your Honors. Thank you. Let's.